IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWIGHT A. McFARLAND-BEY,           )
                                    )
            Plaintiff,              )
                                    )
     v.                             )   No. 06 C 6426
                                    )
MARK W. EVERSON, Commissioner,     )
Internal Revenue Service,           )
INTERNAL REVENUE SERVICE,           )
J. MICHKA, Internal Revenue         )
Agent, MARION CORRIGAN,             )
Withholding Agent, and              )
UNITED STATES OF AMERICA,           )
                                    )
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Dwight A. McFarland-Bey alleges that defendants improperly levied his wages to collect income taxes. Plaintiff contends he is exempt from income taxes in that he is not a United States citizen, but instead is a member of a sovereign nation, the Washitaw Nation of Muurs.[1] Named as defendants in the Amended Complaint are the United States, the Internal Revenue Service ("IRS"), former IRS Commissioner Mark

---

[1]Papers attached to plaintiff's brief indicate it is also known as the Empire Washitaw du Dugdahmoundpah and that it is affiliated with the Moorish Science Temple of America. The pending motions to dismiss do not address the merits of whether plaintiff is exempt from income taxes.

Everson, IRS Revenue Officer J. Michka, and Marion Corrigan. Corrigan is alleged to be the person at plaintiff's employer who acted as the "withholding agent" for the tax levy. As a result of $1,053.81 allegedly being improperly collected, plaintiff seeks $24,309,483.29 in damages. Defendants have moved to dismiss the Amended Complaint.

In the Amended Complaint, plaintiff identifies the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-11, as the basis of his claims. There is also a passing reference to 26 U.S.C. § 7433.[2] In response to the motions to dismiss,[3] plaintiff primarily relies on the FSIA as the basis for his claims. In the Amended Complaint, it is alleged that plaintiff is not required to pursue administrative remedies. That allegation is reasonably construed as alleging that plaintiff has not pursued any administrative remedies.

The FSIA provides a basis for obtaining jurisdiction over a foreign state when a claim is brought against the foreign

---

[2]In the Amended Complaint, plaintiff expressly states that he is withdrawing Federal Tort Claims Act and Civil Rights Act claims that had been in the original complaint.

[3]The United States defendants filed a motion to dismiss and a briefing schedule was set which provided that plaintiff's answer brief would not be due until after Corrigan filed her motion to dismiss. Plaintiff, however, answered the government's motion to dismiss prior to Corrigan filing her motion to dismiss. Although provided the opportunity, plaintiff did not directly respond to Corrigan's motion to dismiss.

state.  See 28 U.S.C. §§ 1602, 1604-05; Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989).  It does not provide a basis for a foreign state to bring a claim against the United States or any other defendant.  None of the defendants brought a lawsuit against plaintiff in which plaintiff can invoke the FSIA as an affirmative defense.  Plaintiff cannot proceed based on the FSIA.

In accordance with 26 U.S.C. § 7433, an action may be brought against the United States when, in connection with the collection of federal taxes, an officer or employee of the IRS recklessly, intentionally, or with negligent disregard violates a provision of federal tax laws.  26 U.S.C. § 7433(a).  If the IRS or an IRS employee is named as a defendant in such an action, the United States will be substituted as the appropriate party. Holt v. Davidson, 441 F. Supp. 2d 92, 97 (D.D.C. 2006); People of Cal. ex rel. Ervin v. District Director, 170 F. Supp. 2d 1040, 1045 (E.D. Cal. 2001); Haskell v. United States, 203 F.R.D. 241, 244 (N.D. Tex. 1999).  Any § 7433 claim that plaintiff has may only be brought against the United States.  Before bringing a § 7433 claim, however, plaintiff must first exhaust administrative remedies.  26 U.S.C. § 7433(d)(1); Storage & Office Systems, LLC v. United States, 2007 WL 2362957 *3 (S.D. Ind. Aug. 10, 2007).  Since plaintiff has alleged that he did not

- 3 -

exhaust administrative remedies, any § 7433 claim must be dismissed.

Since plaintiff does not point to any adequate basis for bringing a claim against any of the defendants, plaintiff's cause of action will be dismissed. Plaintiff's pending motions for discovery will be denied without prejudice as moot.

IT IS THEREFORE ORDERED that defendants' motions to dismiss [17, 29] are granted. Plaintiff's motions to compel discovery [14, 34, 35, 37] are denied without prejudice as moot. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 18, 2007